IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

ANDREW P. BANKS, RONALD SUTHERLAND,
JIM ARDNT, UNKNOWN JANE DOE S. ACADEMY
E. WEST COURT STREET, OFC. HANSON,
OFC. DANIELSON, OFC. KNOX, OFC. OLEARY,
OFC. MIKKELSON, SGT. DREW SEVERSON,          OPINION and ORDER
CHIEF DAVID MOORE, LT. BLAZER,
LT. VAUGHN, DEPUTY CHIEF SHERIDIAN,               22-cv-482-jdp
DEPUTY CHIEF KLIESNER,
DEPUTY CHIEF PEARSON,
PROBATION AGENT JESSICA HOLMES,
CHERIE L. THOMPSON, SGT. WILLIAMSON,
OFC. C. STANLEY, OFC. DREW MUSSEY,
UNKNOWN JOHN DOE, OLIVA C. CHASE,
and UNKNOWN JANE DOE,

                Defendants.

---

This order concerns several new complaints by pro se plaintiff Timothy Lee Stewart, Sr. I dismissed complaints that Stewart filed in two recent cases because they discussed a wide range of events involving distinct incidents that occurred at different times and involved different individuals, thus violating Federal Rules of Civil Procedure 18 and 20. *See Stewart v. Holmes*, No. 21-cv-764-jdp, 2022 WL 1618759, at *1 (W.D. Wis. May 23, 2022); *Stewart v. Moore*, No. 21-cv-555-jdp, 2022 WL 1442923, at *3 (W.D. Wis. May 6, 2022).

Stewart has now filed four new lawsuits that have the opposite problem: they all appear to be about the same pattern of incidents so it does not appear that Stewart needed to break these allegations up into separate lawsuits. In each complaint, Stewart alleges that neighbors of his in Janesville, Wisconsin, have made false complaints of criminal activity or mental health

crises to Janesville police, leading to Stewart being charged or confined. This order is captioned under Case No. 22-cv-482-jdp, but I will consider his complaint in that case together with his complaints in Case Nos. 22-cv-483-jdp, 22-cv-484-jdp, and 22-cv-485-jdp.[1]

Stewart seeks leave to proceed in forma pauperis in each of these cases and from the financial affidavit he submitted I conclude that he qualifies for in forma pauperis status. The next step is for me to screen Stewart's allegations and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Stewart's complaints violate the Federal Rules of Civil Procedure, but I will give him a short time to submit an amended complaint combining the allegations from all four cases and fixing his pleading problems.

In his complaints, Stewart alleges that neighbors of his, defendants Andrew Banks and Ronald Sutherland, have made dozens of complaints to the Janesville Police Department with false allegations about Stewart engaging in criminal conduct or having mental health crises. Other unidentified "John or Jane Doe" defendants have assisted Banks and Sutherland with some of these reports. These neighbors have also vandalized his home and property.

Defendant police officers have arrested Stewart multiple times, held him on probation holds, or had him detained on mental-health grounds, despite Banks's and Sutherland's pattern of misconduct making clear that they are fabricating their reports. I take Stewart to be saying

---

[1] The clerk of court is directed to docket this order in each of these cases.

that he was not convicted of any charges in conjunction with these incidents, and he has no history of mental health problems. Nonetheless, defendant police staff continue to report the arrests or detentions and false mental health information to his probation agent, who keeps Stewart on high-security extended supervision conditions despite knowing that the information is not accurate.

I do not see a reason for Stewart to have four separate lawsuits about these incidents because the events discussed in each of them overlap significantly. But they still violate Federal Rule of Civil Procedure 8. Rule(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. As currently constructed, each of Stewart's complaints is difficult to follow and for the most part he does not explain what each of the dozens of defendants he named has done to violate his rights. Taken together they are 87 pages, far longer than necessary to state short and plain statements of his claims.

The clearest part of his complaints—that Banks and Sutherland have harassed him with false complaints—does not currently state a federal claim upon which relief may be granted. Stewart states that he has a due process right to avoid false police reports, but that is not quite correct. The Fourth Amendment to the United States Constitution prohibits arrests without probable cause; a plaintiff may bring a Fourth Amendment false arrest claim if his arrest was made without probable cause. *See Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009). But one limitation to constitutional claims brought under 42 U.S.C. § 1983 is that the defendant must have acted "under color of state law." *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Banks, Sutherland, and his other neighbors are private

citizens, not governmental officials. Generally, "[s]ection 1983 does not cover disputes between private citizens" because they are not acting under color of state law. *Plaats v. Barthelemy*, 641 F. App'x 624, 627 (7th Cir. 2016). Private actors do act under color of law when they work jointly with state actors to violate a person's rights. *See, e.g.*, *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("A private person acts under color of state law when she is a willful participant in joint action with the State or its agents." (internal quotation omitted)). Stewart's current allegations do not support constitutional claims against private citizens Banks and Sutherland.

Stewart should also be aware that this court cannot grant him much of the relief he seeks, such as ordering the eviction of Banks, ordering defendants to be drug tested, ordering a criminal investigation into messages between defendants, or changing the terms of his extended supervision.

I will give Stewart a chance to submit an amended complaint fixing these problems. I will give him a short time to combine his allegations from all four complaints into a single document, captioned under this case number. I will direct the clerk of court to close the other three cases. He should file his new complaint on the court's complaint form, which I will have the clerk of court send him. If he needs to attach additional pages detailing his claims, he may do so, but I will limit him to ten extra pages (or five extra sheets of paper, if he fills out both sides).

In drafting his amended complaint, Stewart should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation.
- Identify all of the individuals he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

- Describe what relief he is seeking.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

- Refrain from filing exhibits with his complaint, including state court documents, police citations, and communications from city officials. All of the allegations relevant to Stewart's claims must be included in his complaint, so I will not consider information contained in attachments.

- Refrain from making impertinent remarks about defendants' sexuality, criminal records, or religious practices.

If Stewart files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, this case will be closed for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Lee Stewart's complaints in Case Nos. 22-cv-482-jdp, 22-cv-483-jdp, 22-cv-484-jdp, and 22-cv-485-jdp, are DISMISSED.

2. Plaintiff may have until October 27, 2022, to submit a single amended complaint as directed in the opinion above.

3. The clerk of court is directed to send plaintiff a copy of the court's complaint form.

4. The clerk of court is directed to close Case Nos. 22-cv-483-jdp, 22-cv-484-jdp, and 22-cv-485-jdp and release plaintiff of his obligation to pay the filing fees for those cases.

Entered October 5, 2022.

                                                    BY THE COURT:
                                                    /s/

                                                  _____
                                                  JAMES D. PETERSON
                                                  District Judge