IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                  Plaintiff,

    v.

OFFICER WILEY, OFFICER STANLEY,                                        ORDER
OFFICER DANIELSON,
OFFICER JANE DOE THIRD SHIFT,                              22-cv-482-jdp
OFFICER HANSON, OFFICER O'LEARY,
POLICE CHIEF DAVID MOORE,
DEPUTY CHIEF SHERIDAN,
DEPUTY CHIEF KLIESNER,
and DEPUTY CHIEF PEARSON,

                  Defendants.

---

I granted plaintiff Timothy Lee Stewart, Sr., leave to proceed on Fourth and Fourteenth Amendment claims against various members of the Janesville Police Department for repeatedly citing or arresting him based on complaints of criminal activity or mental health crises that they know are false. Dkt. 10. This order addresses numerous filings by the parties.

**A.  Scope of the case**

I granted Stewart leave to proceed on claims about the following events:

- In August 2021, he was arrested after defendant Officer Wiley filed a police report stating that his neighbor Andrew Banks accused him of threatening to shoot Banks's vehicle windows.

- In September 2021, defendant Officer Hansen filed a false disorderly conduct police report that got him arrested.

- In November 2021, defendant Officers Stanley, Danielson, and "Jane Doe Third Shift" arrested him after Banks and another neighbor accused him of "chas[ing] down some unknown [person]" and threatening to kill him. Dkt. 9, at 6.

- In January 2022, defendant Officers Hanson and O'Leary stopped him and issued him a disorderly conduct citation for a noise violation.

Dkt. 10, at 2–3.

I also noted that Stewart included allegations about him being arrested in September 2021 in conjunction with violations of ordinances regarding abandoned vehicles, but that he was already proceeding on claims about those events in a separate case, No. 21-cv-764-jdp, so I did not consider those allegations in this case. *Id.* at 3 n.1. Defendants have filed a motion to clarify or amend my screening order, stating that discovery reveals that the September 2021 incident involving defendant Hansen that I did include in this case is indeed part of the events of the '764 case. Dkt. 38. They attach a copy of Hansen's police report explaining that he arrested Stewart for disorderly conduct after his vehicles were towed. Dkt. 40. Stewart did not respond.

My review of the '764 case shows that Stewart is already proceeding on Fourth Amendment unlawful arrest and First Amendment retaliation claims against Hansen regarding this arrest. Defendants are correct that there's no reason for Stewart to bring the same claims in two cases. So I will grant defendants' motion and dismiss the claims against Hansen. But Stewart may still use the incident with Hansen as evidence to prove his various other claims. And if both this case and the '764 case survive summary judgment, I will consider consolidating them for trial.

It is necessary to clarify the statuses of defendants with similar names. Stewart named only "Officer Hanson" as a defendant in this case, but defendants' filings make clear that Stewart is actually referring to two different people: Officer Dylon Hansen arrested him in September 2021 and Officer Daniel Hanson issued him a disorderly conduct citation in January 2022. I am dismissing Stewart's claims against Dylon Hansen, but Stewart's claims against Daniel Hanson remain in the case.

Stewart brings claims against a "Jane Doe Third Shift" officer for his November 2021 arrest, and I gave Stewart a chance to use discovery to identify the name of this officer. Defendants have responded that the only female officer working that night was Officer Stanley, whom Stewart has already named as a defendant. Stewart does not address this issue in his filings or amend his complaint to identify Jane Doe. So I will dismiss this Jane Doe defendant from the case.

Stewart has filed a proposed amended complaint. Dkt. 53. His proposed new pleading is difficult to follow and too long (50 pages) to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Stewart's main goal in amending the complaint appears to be adding new allegations about members of the Janesville Police Department, his neighbors, and his landlord conspiring to evict him instead of his neighbor Andrew Banks. This is another attempt by Stewart to bring claims concerning his longstanding belief that his landlord, neighbors, and police are conspiring to violate his rights. As I have told Stewart in several other cases, his allegations do not support plausible claims that these individuals are working together to harm him. Stewart's filings predate my recent order sanctioning him for filing repeated baseless allegations of a conspiracy. *See Stewart v. Arndt*, No. 23-cv-465-jdp, slip op. at 2–3 (Jan. 16, 2024). So I won't sanction him further for this filing. But I will deny his request to amend his complaint.

## B. Discovery motions

Stewart filed a motion to compel discovery, Dkt. 34, that was filed prematurely, only about two weeks after he submitted requests for production of documents, and before defendants responded to him. That is reason enough to deny the motion to compel. Soon

3

thereafter, defendants submitted their responses to Stewart, objecting to various requests. *See* Dkt. 35-1. Stewart followed with a series of motions either seeking to compel discovery or asking for a hearing to discuss discovery issues. Dkts. 41; 45; 47. As with many of Stewart's filings, these motions are meandering and difficult to follow. In none of them does Stewart explain specifically what was incomplete about defendants' discovery responses or incorrect about their objections. Nor is it clear whether Stewart seeks to overcome defendants' objections to his initial requests or whether he seeks to obtain other materials that were the subject of other unsuccessful requests.

I will deny all of these motions and I will remind Stewart how the discovery process should work. If he is dissatisfied with defendants' responses to his discovery requests, he should confer with defendants about their disputes. If that proves unsatisfactory he may file a motion to compel discovery, but he will have to attach to any such motion the discovery requests he made to defendants and their responses, and in his briefs he will need to explain what materials he wants the court to compel defendants to turn over and why he believes that defendants' objections are incorrect.

## C.  Requests for subpoenas

Stewart has filed a document asking the court to enter an order allowing him to conduct his own search of the Janesville Police Department headquarters, and asking the court to issue several subpoenas for various police staff to appear at depositions and to bring relevant documents to those depositions. Dkt. 54. Stewart's request to inspect the police department is the type of request that a party would make in a motion to compel discovery after the opposing party has stonewalled him on his discovery requests (and even then it is much more likely that the remedy would be for defendants to turn over documents to plaintiff, not to have him

4

inspect the headquarters himself). So I will deny his request as premature and direct him to submit discovery requests to defendants.

There are multiple problems with Stewart's requests for subpoenas. He filled out only one form with an identifiable person upon which to serve it, Police Chief David Moore. The other subpoena forms are filled out with "John Doe" recipients without a particularized description of who they are, so there isn't any practical way for Stewart to serve them.

Stewart is otherwise free to subpoena Chief Moore to appear at a deposition and to bring relevant documents with him. But his proposed subpoena form does not list the place or date and time the deposition would take place, nor does it explain the method by which the deposition would be recorded (audio, audiovisual, or stenographic means). Stewart bears the cost of recording the deposition. Stewart also needs to show the court that he is able to tender a check or money order for the fees for one day's attendance ($40) and the mileage traveled by Moore ($0.67 per mile). I will deny Stewart's current motion without prejudice to him refiling his form, complying with these rules. Stewart may consider less expensive ways to obtain the information he seeks, particularly the documents or other information he seeks from Moore. For instance, Stewart may submit requests for production of documents or other discovery requests directly to defendants without the need for a subpoena or deposition.

## D. Motion to consolidate cases

Stewart moves to consolidate this case with *Stewart v. Reese*, Case No. 22-cv-240-jdp, another of his cases about alleged Janesville police misconduct. Dkt. 74. But I already dismissed the '240 case for his failure to state a claim upon which relief could be granted, in part because his proposed amended complaint—while raising issues similar to those in this case—violated Federal Rule of Civil Procedure 8 by being too long and difficult to follow to make plain

statements of his claim. Nothing in Stewart's submission persuades me that I should incorporate any part of his amended complaint from the '240 case into this one. I will deny his motion for consolidation.

## E.  Other motions filed by Stewart

Stewart moves for a waiver of fees at his local library to make copies of documents in various cases that he has filed in this court. Dkt. 36. I have already told Stewart that he cannot file motions seeking relief in multiple cases at the same time. And in any event, this court cannot order a library to give Stewart free copies. I will deny this motion.

Stewart moved to stay the case, stating that he did not receive a copy of the court's preliminary pretrial conference order. I will deny this motion. The court doesn't send Stewart paper hard copies of its opinions because he has registered for electronic filing. As a courtesy, the clerk of court responded to his motion by sending him another notification entitling him to a free electronic copy of the pretrial conference order.

Stewart has filed multiple motions seeking initiation of a criminal investigation against members of the Janesville Police Department. Dkts. 48 and 49. As I have previously told Stewart in other cases, this court cannot initiate criminal investigations. I will deny these motions.

## F.  Defendants' motion for summary judgment

Defendants have moved for summary judgment, Dkt. 58, and briefing is not yet completed on that motion. Stewart has submitted opposition materials, but they do not comply with this court's procedures to be followed on summary judgment. Most important, although Stewart submitted a document titled "Response to Proposed Findings of Fact," Dkt. 73, in that document he did not file numbered responses to each of defendants' proposed findings of fact.

Without knowing what facts Stewart disputes and why he disputes them I cannot tell whether there are genuine disputes of material fact that would necessitate a trial.

I will give Stewart a final chance to squarely respond to defendants' motion for summary judgment by filing (1) numbered responses to each set of defendants' proposed findings of fact, with each response citing admissible evidence; (2) if he so chooses, a set of his own proposed findings of fact about events not covered in defendants' proposed findings; and (3) any evidence that the parties have not already submitted on the docket. I will also direct him to support his proposed findings by submitting a declaration, sworn under penalty of perjury, explaining his firsthand account of the events. If Stewart seeks to cite other evidence already on the docket, he need cite only the relevant pages in the docket; he need not resubmit that evidence.

I will set new deadlines for the parties' summary judgment submissions in the order below, building in some time for Stewart to make another attempt at discovery. I will direct the clerk of court to attach to this order a copy of the attachments to the preliminary pretrial conference order so that Stewart may consult the summary judgment procedures contained in that document.

## ORDER

IT IS ORDERED that:

1. Defendants' motion to amend the screening order, Dkt. 38, is GRANTED. Plaintiff's claims against defendant Hansen regarding his September 2021 arrest are DISMISSED from this case.

2. Defendants Dylon Hansen and Officer Jane Doe Third Shift are DISMISSED from this case.

3. Plaintiff Timothy Lee Stewart, Sr.'s motion to amend the complaint, Dkt. 53, is DENIED.

4. Plaintiff's motions to compel discovery or hold a hearing on discovery issues, Dkts. 34; 41; 45; 47, are DENIED.

5. Plaintiff's motion for issuance of subpoenas, Dkt. 54, is DENIED without prejudice.

6. Plaintiff's motion for consolidation, Dkt. 74, is DENIED.

7. Plaintiff's motion for waiver of copy fees, Dkt. 36, is DENIED.

8. Plaintiff's motion to stay the case, Dkt. 46, is DENIED.

9. Plaintiff's motions for criminal investigation, Dkts. 48 and 49, are DENIED.

10. Plaintiff may have until April 1, 2024, to submit new materials opposing defendants' motion for summary judgment. Defendants may have until April 11, 2024, to reply.

11. The clerk of court is directed to docket a copy of the attachments to the preliminary pretrial conference order along with this order.

Entered February 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge