IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

  v.

OFFICER WILEY, OFFICER DOBROWSKI,
OFFICER DANIELSON,
OFFICER HANSON, OFFICER O'LEARY,
POLICE CHIEF DAVID MOORE,
DEPUTY CHIEF SHERIDAN,
DEPUTY CHIEF KLIESNER,
and DEPUTY CHIEF PEARSON,[1]

                Defendants.

ORDER

22-cv-482-jdp

---

This order addresses plaintiff Timothy Lee Stewart's failure to respond to defendants' summary judgment motion and other discovery issues. Stewart, proceeding without counsel, brings Fourth and Fourteenth Amendment claims against various members of the Janesville Police Department for repeatedly citing or arresting him based on complaints of criminal activity or mental health crises that they know are false. Dkt. 10. In particular, I granted Stewart leave to proceed on claims about the following events:

- In August 2021, he was arrested after defendant Officer Wiley filed a police report stating that his neighbor Andrew Banks accused him of threatening to shoot Banks's vehicle windows.

- In November 2021, defendant Officers Stanley, Danielson, arrested him after Banks and another neighbor accused him of "chas[ing] down some unknown [person]" and threatening to kill him. Dkt. 9, at 6.

---

[1] Defendants state that defendant Officer Charli Stanley now goes by the last name Dobrowski, so I will direct the clerk of court to amend the caption accordingly.

- In January 2022, defendant Officers Hanson and O'Leary stopped him and issued him a disorderly conduct citation for a noise violation.

Dkt. 10, at 2–3; Dkt. 75, at 2 (dismissing a fourth set of claims that Stewart was already bringing in another case).

Defendants have moved for summary judgment, Dkt. 58, but Stewart has not properly responded to that motion. He initially responded to the motion with opposition materials that did not comply with this court's procedures for briefing summary judgment motions. I gave Stewart until April 1 to squarely respond to defendants' motion for summary judgment by filing (1) numbered responses to each set of defendants' proposed findings of fact, with each response citing admissible evidence; (2) if he so chose, a set of his own proposed findings of fact about events not covered in defendants' proposed findings; (3) any evidence that the parties had not already submitted on the docket; and (4) a declaration, sworn under penalty of perjury, explaining his firsthand account of the events. Dkt. 75, at 7.

Stewart did not file any of these documents. Instead, after his April 1 deadline he filed two sets of documents, Dkt. 78 and Dkt. 84, including a request for extension of time, motions to compel discovery, and more than a dozen requests for subpoenas to appear at depositions. As with many of his filings, Stewart's submissions are unfocused and difficult to understand. He hasn't presented a persuasive reason for another extension of time to submit his summary judgment opposition so I will deny his motion. I had warned Stewart that this was his final opportunity to submit those materials. I will consider defendants' summary judgment motion—without Stewart's input—in a separate order.

Stewart's new attempts at motions to compel discovery fail for the same reason as previous motions to compel that he has made in this case and others: he didn't provide the court with his actual discovery requests to defendants or their responses. He also asserts

2

without any evidence that counsel has instructed defendants to destroy evidence. If Stewart makes further unfounded allegations of misconduct in this or his other cases, I will consider holding a hearing on the matter and sanction him if those allegations are proven false.

There is one issue in Stewart's motions to compel that I will address further. He attaches a log that that Janesville Police Records Supervisor Katie Zweep calls a "summar[y] of documents ordered for individuals ordering records request." Dkt. 78, at 5 (the log); Dkt. 81, at 2 (Zweep's declaration). It appears to be a list of various contacts that Stewart had with police, and includes columns named "Pages" and "Body Camera." Dkt. 78, at 5. Stewart contends that the number "6" in the "Pages" column for a January 2, 2022 interaction forming the basis for one set of his claims means that defendants have six bodycam videos and are withholding them. Zweep states that the "6" refers to the number of pages of the police report from that interaction (that six-page report is attached at Dkt. 81-1), and that "yes" or "no " entries in the "Body Camera" column indicate whether footage exists. Zweep's explanation is the only reasonable reading of that report.

Nonetheless, defendants' proposed findings of fact suggest that there may be more video footage available than they have disclosed to Stewart or submitted to the court. Defendants have submitted a declaration from counsel stating that they produced to Stewart two videos related to the August 7, 2021 incident, two videos related to the November 28, 2021 incident, and two videos related to the January 2, 2022 incident, although one of those videos is a recording of a phone call made by Stewart to the police station about a week later. But their proposed findings of fact state that there were three officers on the scene during the November 28 incident and two officers on the scene during the January 2 incident. *See* Dkt. 60. Defendants do not explain whether there are additional officers' bodycam footage available, or

3

if not, why not. Also, defendants have not docketed any footage from August 7, and have docketed only one video from November 28 and one video directly from January 2.

Given the crucial role that video evidence often plays in these types of lawsuits, on my own motion I will direct defendants to perform another search of its archives and submit to the court and Stewart (1) all the videos it has from the three incidents at issue; (2) a copy of the department's bodycam retention policy; and (3) declarations detailing the efforts undertaken by staff to retrieve the bodycam footage for the three incidents at issue in this case and explaining why any particular officer's bodycam footage is not available.

Also, the log shows that there are police reports corresponding to the three incidents at issue; it appears that they have submitted only the report for the January 2, 2022 incident. I will direct defendants to submit the police reports for the other two incidents along with the video.

None of this means that Stewart should attempt to submit late materials opposing the motion for summary judgment; I will disregard any material he files.

As for Stewart's requests for subpoenas, I will deny them because he hasn't fixed all of the problems that I discussed in denying his previous set of subpoena requests. *See* Dkt. 75, at 4–5. Stewart does not explain the method by which each deposition would be recorded (audio, audiovisual, or stenographic means), and he doesn't show that he can bear the cost of recording the depositions or paying the witness fees and mileage for each person he wishes to depose. Stewart appears to seek waiver of these costs, but the court cannot waive them.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to amend the caption to reflect defendant Stanley's new last name of Dobrowski.

2. Plaintiff's motion for extension of time, Dkt. 78, is DENIED.

3. Plaintiff's motions to compel discovery, Dkt. 74 and Dkt. 84, are DENIED.

4. Plaintiff's motion for issuance of subpoenas, Dkt. 84, is DENIED without prejudice.

5. Defendants may have until May 17, 2024, to respond to this order as discussed above.

Entered May 8, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge