IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

  v.

OFFICER WILEY, OFFICER DOBROWSKI,
OFFICER DANIELSON,
OFFICER HANSON, OFFICER O'LEARY,
POLICE CHIEF DAVID MOORE,
DEPUTY CHIEF SHERIDAN,
DEPUTY CHIEF KLIESNER,
and DEPUTY CHIEF PEARSON,

                Defendants.

OPINION and ORDER

22-cv-482-jdp

---

Plaintiff Timothy Lee Stewart, proceeding without counsel, brought Fourth and Fourteenth Amendment claims against various members of the Janesville Police Department for repeatedly citing or arresting him based on complaints of criminal activity that they knew are false. I granted defendants' motions for summary judgment and dismissed the case because defendants had at least arguable probable cause to cite or arrest Stewart in each of the three incidents and because Stewart provided no evidence suggesting that there was a practice of falsely citing or arresting him or that defendants were aware of such a practice. Dkt. 94.

Stewart has filed two motions that he titles as motions to reopen the case. Dkt. 96 and Dkt. 97. He followed with a notice of appeal, Dkt. 101, and he moves for leave to proceed without prepayment of the entire appellate filing fee, also known as "in forma pauperis" status, Dkt. 103. I will deny his motions to reopen and his request to proceed in forma pauperis with his appeal.

Stewart filed his motions to reopen the case more than 28 days after his deadline to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), and I cannot grant an extension of that deadline. *See* Fed. R. Civ. P. 6(b)(2). So I will consider his motions as ones for relief from judgment under Federal Rule of Civil Procedure 60(b). Under Rule 60(b) relief from a final judgment is an "extraordinary remedy," granted only in "exceptional circumstances." *In re Cook Med., Inc.*, 27 F.4th 539, 542 (7th Cir. 2022). Rule 60(b) permits relief from a final judgment because of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, the judgment is void or has been satisfied, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020).

Stewart's motions, as with many of his filings in this and other cases, are unfocused and difficult to follow. Nothing in them persuades me that exceptional circumstances justify reopening the case. Stewart contends that he has new evidence, but the documents that he attaches to his motions (a transcript of a state-court trial in which the court dismissed charges on two of the incidents at issue in this case, his medical records, and various police reports) are not newly discovered; they are all materials that Stewart could have submitted directly in opposition to defendants' motion for summary judgment. After giving Stewart multiple chances to submit opposition materials complying with this court's summary judgment procedures, I considered defendants' proposed findings of fact as undisputed. Dkt. 94, at 2.

With his submission of medical records, I take Stewart to be arguing that medical problems caused him difficulties in meeting court deadlines, including his deadline to submit his summary judgment opposition materials. But nothing in those records—about treatment for an abrasion to his eye in September 2023, Dkt. 96-1, and a June 2024 hospitalization for

2

heart issues, Dkt. 96-4—show that I should have given Stewart even more time to submit summary judgment opposition materials. There isn't any other reason to think that Stewart had good cause for a further extension: he has been able to submit thousands of pages of materials in his several cases in this court over the past few years.

Moreover, the evidence that Stewart submits now wouldn't have changed the outcome. He focuses on the transcript of a state-court trial and related proceedings in which the charges for two of the incidents at issue were dismissed, in large part because key witness Andrew Banks did not appear for the trial after being subpoenaed. Dkt. 96-2. But I granted summary judgment to defendants on Stewart's Fourth Amendment claims because the evidence showed that for each incident they had at least arguable probable cause to cite or arrest Stewart. The government's failure to prove Stewart's guilt at trial doesn't mean that the officers lacked arguable probable cause to cite or arrest him for those charges.

Stewart otherwise argues that there is additional evidence that defendants should have turned over to him in discovery, but these are issues that I've already addressed. In particular, he continues to seek additional bodycam footage from defendant officers, but I already ordered defendants to investigate the issue of missing bodycam footage and defendants' response satisfied me that they did not fail to disclose any footage helpful to Stewart. Dkt. 94, at 2. Stewart doesn't provide any reason to grant him relief for judgment. I will deny his Rule 60 motions.

As for Stewart's notice of appeal, he qualifies for in forma pauperis from a financial standpoint. But under 28 U.S.C. § 1915(a)(3), a party is ineligible for in forma pauperis status if the appeal is "not taken in good faith." *See also* Fed. R. App. P. 24(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v.*

*O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). This appeal is not in good faith: no reasonable person could suppose that I was incorrect in granting summary judgment to defendants.

That means that Stewart cannot proceed with this appeal without prepaying the $605 filing fee unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, Stewart has 30 days from the date of this order to ask the court of appeals to review this order. Stewart must include with his motion a copy of his affidavit of indigency and a copy of this order.

ORDER

IT IS ORDERED that:

1. Plaintiff's motions for relief from judgment, Dkt. 96 and Dkt. 97, are DENIED.

2. Plaintiff's motion for leave to proceed without prepayment of the entire appellate filing fee, Dkt. 103, is DENIED.

3. Plaintiff's remaining motions are DENIED.

4. The clerk of court is requested to ensure that plaintiff's obligation to pay the filing fee for this appeal is reflected in this court's financial records.

Entered December 17, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge